UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **RODNEY J. CUROLE, ET AL** | **CIVIL ACTION** |
| **VERSUS** | **NO:      06-4411** |
| **FIDELITY AND DEPOSIT COMPANY OF MARYLAND** | **SECTION: "C" (4)** |

## ORDER AND REASONS

Before the Court is a **Motion to Compel Plaintiff to Respond to Second Set of Inerrogatories and Request for Production to Rodney Curole and First Set to Tara Curole and for Sanctions (doc.#18)** filed by the defendant, Fidelity and Deposition Company of Maryland seeking an order form this Court compelling the plaintiffs to respond to outstanding discovery. Fidelity also seeks the recovery of costs associated with the filing of this motion. The plaintiffs filed an untimely opposition that will not be considered by this Court.[1] The Court then granted leave to Fidelity to file a reply memorandum.

### I.   Background

This is a claim made by Rodney and Tara Curole on an insurance contract between Homeq as the named insured and Fidelity as the insurance company for a home located at 106 Tupelo Court,

---

[1] Under Local Rule 7.5E, any opposition motion is due eight days prior to the hearing. The motion was originally set for hearing on June 6, 2007 and thus any opposition was due by May 29, 2007. The plaintiffs did not file their response until June 1, 2007.

Luling, Louisiana. Homeq holds the mortgage on the residence. Rodney Curole is named as an additional insured on the policy. Rodney Curole, along with his wife, Tara Curole, are the mortgagors of the property.

The Curoles filed this action in state court against Fidelity alleging that when Hurricane Katrina made landfall, it caused extensive wind damage to their roof and that water infiltrated all levels of their residence. They contend that their residence developed toxic mold rendering the damage to their house in excess of their policy limits of $227,00.00.

The Curoles contend they have only been paid $13,685.58 based on an assessed damage of $15,685.58. They contend that Fidelity has arbitrarily failed to pay its policy limits and has breached its duty to investigate the claim. They allege bad faith claims as well as tort damages for exposure to toxic mold.

On April 2, 2007, Fidelity propounded a Second Set of Interrogatories and Requests for Production on Rodney Curole and a First Set of Interrogatories and Request for Production on Tara Curole. After the plaintiffs failed to respond, Fidelity filed the subject motion.

**II.     Standard of Review**

Rule 26(b)(1) provides that "[p]arties may obtain discovery regarding any matter, not privileged that is relevant to the claim or defense of any party." FED. R. CIV. P. 26(b)(1). The discovery rules are accorded a broad and liberal treatment to effect their purpose of adequately informing litigants in civil trials. *Herbert v Lando,* 441 U.S. 153, 176 (1979). Nevertheless, discovery does have "ultimate and necessary boundaries." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978) (quoting *Hickman v. Taylor*, 329 U.S. 495, 507 (1947)). Further, "it is well established that the scope of discovery is within the sound discretion of the trial court." *Coleman*

*v. American Red Cross*, 23 F.3d 1091, 1096 (6th Cir.1994).

**III.    Analysis**

In its original motion, Fidelity contended that it propounded the discovery on April 2, 2007 but that the plaintiffs had not responded within thirty days. It also contended that it should be awarded the costs and fees incurred in the filing of the motion. However, in its subsequently filed reply memorandum, Fidelity notes that the plaintiffs answered the discovery prior to the hearing date on May 31, 2007 and thus to the extent the motion to compel seeks responses, the motion is moot. Fidelity continues to seek the recovery of fees and costs because of delay tactics by the plaintiffs in responding to discovery.

The Court notes that because the plaintiffs provided responses to discovery, that portion of the motion seeking responses is now moot. However, under Federal Rule of Civil Procedure Rule 37,

> [i]f the motion is granted or if the disclosure or requested discovery is provided after the motion was filed, the court shall, after affording an opportunity to be heard, require the party or deponent whose conduct necessitated the motion . . . to pay to the moving party the reasonable expenses incurred in making the motion, including attorney's fees . . . or that the opposing party's nondisclosure, response, or objection was substantially justified, or that other circumstances make an award of expenses unjust.

In this case, the plaintiffs responded to discovery after the motion to compel was filed. Further, the plaintiffs were afforded an opportunity to respond to the request for costs, yet they failed to timely oppose the motion or otherwise seek leave to file an untimely opposition. Thus, not only were their responses to discovery untimely, their memorandum in opposition to this motion to compel was untimely as well.

Considering the lack of timely opposition, this Court finds that the lack of response was not

substantially justified and it further finds no other circumstances that would make an award unjust. Thus, the request for the costs and fees associated with the filing of the motion is granted.

Accordingly,

**IT IS ORDERED** that Fidelity's **Motion to Compel Plaintiff to Respond to Second Set of Inerrogatories and Request for Production to Rodney Curole and First Set to Tara Curole and for Sanctions (doc.#18)** is **GRANTED IN PART AND DENIED IN PART**.

It is **GRANTED IN PART** to the extent that Fidelity seeks the recovery of costs and fees associated with the filing of this motion. Fidelity shall file a motion to fix attorney fees into the record by **July 13, 2007** along with: (1) an affidavit attesting to its attorney's education, background, skills and experience; (2) sufficient evidence of rates charged in similar cases by other local attorneys with similar experience, skill and reputation and; (3) the documentation required by Local Rule 54.2. Any opposition to the fee application shall be filed no later than **July 20, 2007**. The motion is continued until **July 25, 2007** to be heard **without oral argument**.

It is **DENIED IN PART** to the extent that Fidelity sought discovery responses from the plaintiffs as the plaintiffs have responded.

New Orleans, Louisiana, this \_\_\_9th\_\_\_ day of July, 2007

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**